UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 11, 2019

SEAN F. McAVOY, CLERK

ELIZABETH S.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

NO: 4:17-CV-5162-FVS

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 19, 21. This matter was submitted for consideration without oral argument. Plaintiff is represented by attorney Mark Bunch. Defendant is represented by Special Assistant United States Attorney Erin F. Highland. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, Plaintiff's Motion, ECF No. 19, is granted and Defendant's Motion, ECF No. 21, is denied.

## JURISDICTION

Plaintiff Elizabeth S.[1] (Plaintiff), filed for disability insurance benefits (DIB) and supplemental security income (SSI) on June 4, 2013, alleging an onset date of January 8, 2011. Tr. 200-03, 208-11, 275. Benefits were denied initially, Tr. 148-54, and upon reconsideration, Tr. 157-60. Plaintiff appeared at a hearing before an administrative law judge (ALJ) on November 19, 2015. Tr. 48-95. On April 11, 2016, the ALJ issued an unfavorable decision, Tr. 25-37, and on August 18, 2017, the Appeals Council denied review. Tr. 1-5. The matter is now before this Court pursuant to 42 U.S.C. § 405(g); 1383(c)(3).

## BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and are therefore only summarized here.

Plaintiff was born in 1991 and was 23 years old at the time of the hearing. Tr. 200. She completed high school. Tr. 59. She last worked as a cashier at a toy store. Tr. 57. Plaintiff testified that she experiences pain in her feet and ankles when walking and standing. Tr. 72-73. When she sits down after walking, she has

---

[1]In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2

shooting or throbbing pain in her ankles. Tr. 72, 76. Sometimes the pain causes her to fall. Tr. 73. At times her legs feel weak and like they will "give out." Tr. 74. At the time of the hearing, she had recently started using a cane. Tr. 75-76. Plaintiff testified that she has had back pain for as long as she can remember. Tr. 77. The pain is constant, especially in her lower back. Tr. 78. She also experiences depression and benefits from seeing a counselor. Tr. 80-81.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one

rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-

(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the

claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner should conclude whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found Plaintiff did not engage in substantial gainful activity since January 8, 2011, the alleged onset date. Tr. 27. At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disk disease, obesity, affective disorder, and anxiety disorder. Tr. 28. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 28.

The ALJ then found that Plaintiff has the residual functional capacity to perform light work with the following additional limitations:

> she can, at most: lift or carry twenty pounds occasionally, and ten pounds frequently; stand, sit, or walk for six hours in an eight-hour workday with normal breaks; occasionally climb ramps or stairs; never climb ladders, ropes, or scaffolds; and occasionally stoop, kneel, crouch, and crawl. The claimant further must avoid concentrated exposure to extreme cold, extreme heat, extreme wetness, extreme humidity, excessive vibration, or pulmonary irritants such as fungus, and gases. The claimant must avoid: workplace hazards, such as working with dangerous machinery; working at unprotected heights; and work on uneven surfaces. Finally, the claimant is limited to performing simple, routine tasks in a routine work environment.

Tr. 30.

At step four, the ALJ found that Plaintiff has no past relevant work. Tr. 35. After considering the testimony of a vocational expert and Plaintiff's age, education, work experience, and residual functional capacity, the ALJ found there are jobs that exist in significant numbers in the national economy that Plaintiff could perform such as assembler, cashier, and housekeeper/cleaner. Tr. 36. Therefore, at step five, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from January 8, 2011, through the date of the decision. Tr. 36.

**ISSUES**

Plaintiff seeks judicial review of the Commissioner's final decision denying disability income benefits under Title II and supplemental security income under Title XVI of the Social Security Act. ECF No. 19. Plaintiff raises the following issue for review: whether the ALJ properly evaluated Plaintiff's symptom complaints. ECF No. 19 at 3.

**DISCUSSION**

Plaintiff contends the ALJ improperly considered her symptom claims. ECF No. 19 at 4-7. An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (internal quotation marks omitted).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

"The claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (internal citations and quotations omitted). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995); *see also Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony."). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

In assessing a claimant's symptom complaints, the ALJ may consider, *inter alia*, (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) the claimant's

daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition. *Thomas*, 278 F.3d at 958-59.

The ALJ found that Plaintiff's "alleged impairments, and the limitations they impose upon her capacities to perform regular and sustained work, cannot be wholly accepted." Tr. 31. This Court finds the ALJ's reasons are not clear and convincing reason supported by substantial evidence.

First, the ALJ found the objective medical evidence does not establish mental and physical limitations of a severity consistent with Plaintiff's alleged impairments. Tr. 32. An ALJ may not discredit a claimant's pain testimony and deny benefits solely because the degree of pain alleged is not supported by objective medical evidence. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). However, the medical evidence is a relevant factor in determining the severity of a claimant's pain and its disabling effects. *Rollins*, 261 F.3d at 857; 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2) (2011). Minimal objective evidence is a factor which may be relied upon in discrediting a claimant's testimony, although it may not be the only factor. *See Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). Because the ALJ's other reasons for rejecting Plaintiff's alleged limitations are not legally sufficient, discussed *infra*, and because objective evidence alone may not be the basis for rejecting Plaintiff's

testimony, the Court concludes this is not a clear and convincing reason supported by substantial evidence.

Second, the ALJ found inconsistencies in Plaintiff's reporting cast doubt upon the reliability of her allegations. Tr. 33. In evaluating a claimant's symptom claims, an ALJ may consider the consistency of an individual's own statements made in connection with the disability review process with any other existing statements or conduct made under other circumstances. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (The ALJ may consider "ordinary techniques of credibility evaluation," such as reputation for lying, prior inconsistent statements concerning symptoms, and other testimony that "appears less than candid."); *Thomas*, 278 F.3d at 958-59.

The ALJ found that Plaintiff testified she cares for her son "in a manner requiring substantial physical capacities inconsistent with her allegations." Tr. 33. The ALJ noted Plaintiff testified that she lifts her 30-pound disabled son "a few times a day" into a high chair, a car seat, and a wheelchair. Tr. 33. She wakes her son and prepares him for school and drives him to and from school. Tr. 33. It is not clear which alleged limitations are inconsistent with these activities. Although Plaintiff testified she lifts her 30-pound child a few times per day, Tr. 68-69, she indicated that she minimizes lifting by transporting her son from the house to the car in a stroller, and she sometimes gives him food in his wheelchair rather than lift him into his high chair. Tr. 56, 68-69.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

Plaintiff also testified that a caregiver comes to her home daily to give her son baths, Tr. 55, that he sleeps a lot, and that he generally spends most of his time awake playing on the floor, where she also changes his diapers. Tr. 68-69, 84. It is noted that Plaintiff is a single mother of a disabled child with little to no support from family or friends, so it is reasonable to infer that necessity may require her to push her limits at home in a manner that would not be sustainable in a work setting. Tr. 51, 54.

The ALJ credited the opinion of Gordon Hale, M.D., a reviewing physician who assessed a 20-pound lifting limitation, and the RFC finding includes a lifting limitation of 20 pounds occasionally. Tr. 30, 126-28. Despite the ALJ's implication to the contrary, this is consistent with Plaintiff's allegation regarding her lifting limitations and therefore does not detract from the credibility of her symptom complaints.

Similarly, while the ALJ suggests Plaintiff's ability to drive her child to school contradicts her allegations, Plaintiff's testimony that she used to drive her son to school 15 minutes each way two times per week is not inconsistent with Plaintiff's allegation that she has difficulty sitting for long periods. Tr. 53. Plaintiff's testimony regarding her lifting and driving abilities does not reasonably indicate "substantial physical capacity" as characterized by the ALJ.

The ALJ also noted that Plaintiff reported she had recently driven to Seattle, a trip of several hours, and that she does so every month. Tr. 33. While on the

surface this may suggest an inconsistency with Plaintiff's allegation that she cannot sit for more than hour at a time, the ALJ did not address Plaintiff's testimony that the trips were necessary for her son's medical care and that she stopped at least five times during the last trip to stretch relieve her back pain. Tr. 62-63. It took her six hours to complete a four-hour trip due to frequent breaks. Tr. 62, 67. Contrary to the ALJ's findings, this testimony is consistent with her allegation that she cannot sit for more than hour at a time.

The ALJ also found Plaintiff's function report is inconsistent with her allegations. Tr. 33. The ALJ noted Plaintiff reported no problems with self-care, can prepare simple meals and perform basic chores, that she reads for pleasure, handles money, and has no problem getting along with her family or authority figures. Tr. 33. However, Plaintiff did not allege cognitive problems or problems getting along with others, so there is no inconsistency in those areas. Tr. 272, 301. Furthermore, Plaintiff testified her ability to cook is limited and is qualified by frequent rests which is consistent with her alleged symptoms. Tr. 68. In fact, in her function report, Plaintiff alleged she can stand for no more than an hour, Tr. 267, and that she can walk for ten to 20 minutes before requiring a rest. Tr. 272. She reported that she spends 20 minutes at a time preparing simple meals, up to 45 minutes at a time cleaning the bathroom, and 20 minutes shopping for groceries. Tr. 269-70. Her report of time spent on household activities is consistent with the limitations alleged.

The ALJ's findings regarding inconsistencies are not supported by the record. Thus, the ALJ's conclusion that Plaintiff admitted "substantial capacities inconsistent with her allegations of disability" is not supported by substantial evidence. Tr. 33. This is not a clear and convincing reason for finding Plaintiff's symptom complaints less than fully credible.

Third, the ALJ found the reliability of Plaintiff's allegations are diminished by their inconsistency with the most credible medical opinions in the record. Tr. 33. "In evaluating the intensity, persistence, and limiting effects of an individual's symptoms, the [ALJ] is permitted to consider statements from medical sources." Social Security Ruling (S.S.R.) 16-3p, *available at* 2017 WL 5180304, *7; s*ee also Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175 (9th Cir. 2008). The ALJ asserts, "The claimant's alleged residual functional capacity is inconsistent with that assessed by Disability Determination Services [DDS], and Dr. Bauer." Tr. 33. As noted by Plaintiff, the ALJ's finding is itself inconsistent because Dr. Bauer opined that Plaintiff has no mental limitations, Tr. 483-88, and the DDS reviewing psychologists, Drs. Lewis and Clifford, opined that Plaintiff has moderate limitations in six functional areas, Tr. 102-04, 141-43. ECF No. 19 at 5. More significantly, the ALJ inconsistently cites Dr Bauer's finding of no limitations to support the conclusion that Plaintiff's allegations of mental limitations are not supported by the opinion evidence, yet included mental limitations in the RFC which were identified by two opinions also credited by the ALJ.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 14

In addition to this inconsistency, the ALJ did not specifically identify the testimony or allegations by Plaintiff regarding mental health issues which are less than fully credible. Tr. 31-32; *see Ghanim*, 763 F.3d at 1163. Based on the foregoing, the finding that Plaintiff's mental health allegations are inconsistent with the psychological opinions credited by the ALJ is not supported by substantial evidence.

With respect to Plaintiff's allegation of physical limitations, the only opinion credited by the ALJ is that of the reviewing DDS physician, Dr. Hale, who opined that Plaintiff is limited to light work with postural and environmental limitations. Tr. 33, 126-28. The ALJ purports to credit a second reviewing physician opinion and asserts that "substantial repetition of their statements after review by different doctors lends these opinions great credit." Tr. 33. However, the second reviewing opinion cited by the ALJ is not a physician opinion, it is the opinion of an "SDM," or Single Decisionmaker. Tr. 112-13. An ALJ should not give weight to the opinion of a non-physician SDM. *See* Program Operations Manual System DI 24510.050 ("SDM-completed forms are not opinion evidence at the appeal levels."). The ALJ erroneously relied on a non-physician opinion to lend weight to Dr. Hale's opinion.

Furthermore, although Plaintiff does not specifically challenge the weight assigned to the opinion evidence, the Court notes that the ALJ rejected four opinions from Plaintiff's treating and examining physicians submitted on DSHS

forms for the same reasons, even though some of the reasons do not apply to all of the opinions. Tr. 34. For example, the ALJ asserts that the opinions "decline to assert an impairment lasting twelve months o[r] longer," and cites two opinions as examples. Tr. 34 (citing Tr. 407, 423). However, one physician, David Martinez, M.D., opined in March 2012 that Plaintiff's impairments would last at least 12 months. Tr. 414. This suggests the ALJ's review of the opinions may have lacked the specificity required. *See Embrey v. Bowen*, 849 F.2d at 421.

Similarly, the ALJ faults the medical opinions generally for failing to include more than a few words of explanation. Tr. 34. A medical opinion may be rejected by the ALJ if it is conclusory or inadequately supported., *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009), but if treatment notes are consistent with the opinion, the opinion may not automatically be rejected. *See Garrison*, 759 F.3d at 1014 n.17. The ALJ did not evaluate whether the exam findings and treatment notes of Drs. Martinez and Freedman support their opinions before rejecting them. *See* e.g. Tr. 382-86, 389-401, 417-20. Thus, the ALJ's review of the rejected opinion evidence is also questionable.

The ALJ's consideration of the medical and psychological opinion evidence is flawed, which makes the ALJ's conclusion that Plaintiff's allegations are inconsistent with the opinion evidence questionable. Thus, this is not a clear and convincing reason for finding Plaintiff's symptom claims less than fully credible.

Because the ALJ's reasons for rejecting Plaintiff's symptom complaints are legally insufficient, the matter must be remanded for reconsideration.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is not supported by substantial evidence and free of harmful legal error. The ALJ must reconsider Plaintiff's symptom complaints and, as a result, revisit the sequential evaluation process and the entire record, and make findings supported by legally sufficient explanations and reasoning. On remand, the ALJ shall obtain an updated medical opinion via consultative physical exam or by testimony from a medical expert, as the ALJ determines is appropriate. Accordingly,

1. Plaintiff's Motion for Summary Judgment, **ECF No. 19**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 21**, is **DENIED**.

3. This case is **REVERSED** and **REMANDED** for further administrative proceedings consistent with this Order pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** February 11, 2019.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 17